NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTILLIGENCE, INC. a/k/a ALTISAP and PROBAL DASGUPTA<br><br>Plaintiffs,<br><br>v.<br><br>NATROL, INC., PLETHICO PHARMACEUTICALS LIMITED, CHIRAG PATEL and CV KUMAR,<br><br>Defendants. | Civil Action No.: 12-1167 (ES)<br><br>MEMORANDUM OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of defendants Natrol, Inc. ("Natrol"), Plethico Pharmaceuticals Limited ("Plethico"), Chirag Patel and CV Kumar (collectively, "Defendants") to dismiss plaintiffs' complaint and to strike plaintiffs' answer to Defendants' counterclaims, (D.E. No. 28), and the Court having considered Defendants' submissions and the record in this action, and it appearing that:

1. On December 14, 2011, plaintiffs Artilligence, Inc. a/k/a AltiSAP ("Artilligence" or "AltiSAP") and Probal DasGupta (collectively, "Plaintiffs") filed an action against Defendants in the Superior Court of New Jersey, Middlesex County, alleging the following causes of action in connection with a computer consulting services agreement whereby AltiSAP would perform certain services for Natrol: (1) promise causing detrimental reliance; (2) breach of contract; (3) breach of covenant of good faith and fair dealing; and (4) quasi contract or unjust enrichment. (D.E. No. 1, Ex. A).

2. On February 27, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (D.E. No. 1).

3. On March 19, 2012, Defendants filed an answer, as well as counterclaims alleging the following counts in connection with the computer consulting services agreement: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. (D.E. No 6).

4. On April 9, 2012, Plaintiffs filed an answer to Defendants' counterclaims. (D.E. No. 9).

5. On November 14, 2012, however, Plaintiffs' attorney filed a motion to withdraw as attorney, (D.E. No. 16), which the Honorable Steven C. Mannion, U.S.M.J., subsequently granted on April 22, 2013, (D.E. No. 22). Notably, Judge Mannion ordered that Artilligence had until May 6, 2013 "to retain and have new counsel enter an appearance on its behalf" and that Mr. DasGupta would be "deemed to be appearing *pro se* effective April 26, 2013." (D.E. No. 22 at 2).

6. Furthermore, on April 19, 2013, before being relieved from this action, Plaintiffs' attorney forwarded a letter to Judge Mannion from Mr. DasGupta in which Mr. DasGupta represents, seemingly on behalf of himself as well as Artilligence, that "[w]e do not have the ability to pursue our case against the defendant [sic] and/or work with our current counsel . . . and/or retain new counsel" for a variety of reasons and that "we also do not have the ability to defend ourselves against the countercharges of the defendant." (D.E. No. 21 at 4).[1]

7. To date, no attorney has made an appearance on behalf of Artilligence, and Mr. DasGupta failed to appear before this Court on June 27, 2013 for a telephonic conference, (*see* D.E. No. 27). To be sure, the Court has received no opposition to Defendants'

---

[1] Mr. DasGupta is an officer and principal of AltiSAP. (D.E. No. 1, Ex. A).

pending motion to dismiss Plaintiffs' complaint and to strike Plaintiffs' answer to Defendants' counterclaims.

8. First, Defendants argue that Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 41(b) for failing to prosecute this action and ignoring court orders. (D.E. No. 28-1 ("Def. Mov. Br.") at 3). Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Generally, the Court must consider the following six factors, commonly referred to as the *Poulis* factors, before dismissing an action for failure to prosecute:

> 1) the extent of the nonmoving party's personal responsibility; 2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

*Clarke v. Nicholson*, 153 F. App'x 69, 72 (3d Cir. 2005) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "Where, however, a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Finan. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012); *see also Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. App'x 371, 373-74 (3d Cir. 2005) ("Ordinarily, we have required a District Court to consider and balance six factors enumerated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte,* to use dismissal as a sanction. However, when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary.") (citations omitted); *Spain v. Gallegos*, 26 F.3d

439, 455 (3d Cir. 1994) ("[I]n contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward, [plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court on [her] claims. In these circumstances, we cannot fault the district court for dismissing the suit."). Here, the Court finds that Plaintiffs' complaint must be dismissed without balancing of the *Poulis* factors. Artilligence is a corporation that is unrepresented by counsel and thus cannot prosecute this action. *See Korkala v. Allpro Imaging, Inc.*, No. 08-2712, 2009 WL 2496506, at *3 (D.N.J. Aug. 12, 2009) ("It is well established that a corporation cannot proceed *pro se*.").[2] Moreover, Mr. DasGupta represented to Judge Mannion that "[w]e do not have the ability to pursue our case" or even retain counsel and that he "respectfully request[s] that our case against the defendant [sic] be dismissed." (D.E. No. 21 at 4). In fact, Mr. DasGupta has represented that he has relocated to Chile. (*Id.*). To be sure, among other things, Mr. DasGupta has failed to appear telephonically appear for a conference before this Court—even though the Court specifically ordered Defendants to serve notice of the conference to Mr. DasGupta. (D.E. No. 26). Given that Mr. DasGupta has expressed a desire to abandon his action and that Artilligence cannot proceed *pro se*, the Court dismisses Plaintiffs' complaint under Federal Rule of Civil Procedure 41(b). *See Abulkhair*, 467 F. App'x at 153; *Spain*, 26 F.3d at 455.

9. Second, Defendants request that Plaintiffs' answer to their counterclaims be stricken because Plaintiffs "have not participated in litigation in any meaningful manner" and their "lack of interest in moving forward with this case has prevented [D]efendants from

---

[2] Indeed, Judge Mannion had warned Artilligence that the Court may dismiss its claims if an attorney does not appear on its behalf by May 6, 2013—which is now over eight months ago. (D.E. No. 22 at 2).

pursuing their legitimate [c]ounterclaims." (Def. Mov. Br. at 6). Defendants argue that Plaintiffs' answer should therefore be stricken and Defendants "should be permitted to seek default judgment." (*Id.*). The Court agrees. As detailed above, Artilligence cannot proceed *pro se* and has had ample opportunity to have an attorney enter an appearance on its behalf, but has failed to do so. Furthermore, Mr. DasGupta has expressed an unequivocal desire to abandon his claims and participation in this lawsuit, further indicating to the Court that he is no longer in this country. Accordingly, given these unique circumstances, the Court finds that Plaintiffs' answer must be stricken. *See Howard Johnson Int'l, Inc. v. Kil Su Kim, et al.*, No. 11-3438, 2012 WL 6568438, at * (D.N.J. Dec. 17, 2012) ("The record before the Court . . . demonstrates that the [party] initially appeared and filed an Answer . . . but thereafter repeatedly failed to participate . . . despite myriad opportunities to do so [and that this party's] conduct has stalled this entire litigation for months. Accordingly, the Undersigned finds that it is appropriate to strike [the party's] Answer . . . ."), *report and recommendation adopted by* 2013 WL 56826 (D.N.J. Jan. 3, 2013).

Accordingly, the time for filing opposition having expired, and having considered Defendants' submissions and the record in this action, and pursuant to Federal Rule of Civil Procedure 78,

IT IS on this 8th day of January 2014,

**ORDERED** that Defendants' motion, (D.E. No. 28), is GRANTED; and it is further

**ORDERED** that Plaintiffs' complaint is hereby DISMISSED in its entirety pursuant to Federal Rule of Civil Procedure 41(b); and it is further

**ORDERED** that Plaintiffs' answer to Defendants' counterclaims, (D.E. No. 9), is hereby STRICKEN.

          */s/ Esther Salas*
          **Esther Salas, U.S.D.J.**