NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTILLIGENCE, INC. a/k/a ALTISAP and PROBAL DASGUPTA,<br><br>Plaintiffs,<br><br>v.<br><br>NATROL, INC., PLETHICO PHARMACEUTICALS LIMITED, CHIRAG PATEL, and CV KUMAR,<br><br>Defendants. | Civil Action No.: 12-1167 (ES)<br><br>MEMORANDUM OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of defendants Natrol, Inc. ("Natrol"), Plethico Pharmaceuticals Limited ("Plethico"), Chirag Patel and CV Kumar (collectively, "Defendants") for default judgment pursuant to Fed. R. Civ. P. 55(b) (2), and the Court having considered Defendants' submissions, (D.E. No. 32), and it appearing that:

1. On December 14, 2011, plaintiffs Artilligence, Inc. a/k/a AltiSAP ("Artilligence" or "AltiSAP") and Probal DasGupta (collectively, "Plaintiffs") filed an action against Defendants in the Superior Court of New Jersey, Middlesex County, alleging the following causes of action in connection with a computer consulting services agreement whereby AltiSAP would perform certain services for Natrol: (1) promise causing detrimental reliance; (2) breach of contract; (3) breach of covenant of good faith and fair dealing; and (4) quasi contract or unjust enrichment. (D.E. No. 1, Ex. A).

2. On February 27, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (D.E. No. 1).

1

3. On March 19, 2012, Defendants filed an answer, as well as counterclaims alleging the following counts in connection with the computer consulting services agreement: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment.  (D.E. No. 6).

4. On April 9, 2012, Plaintiffs filed an answer to Defendants' counterclaims.  (D.E. No. 9).

5. On November 14, 2012, however, Plaintiffs' attorney filed a motion to withdraw as attorney, (D.E. No. 16), which the Honorable Steven C. Mannion, U.S.M.J., subsequently granted on April 22, 2013, (D.E. No. 22).  Notably, Judge Mannion ordered that Artilligence had until May 6, 2013 "to retain and have new counsel enter an appearance on its behalf" and that Mr. DasGupta would be "deemed to be appearing pro se effective April 26, 2013."  (D.E. No. 22 at 2).

6. Furthermore, on April 19, 2013, before being relieved from this action, Plaintiffs' attorney forwarded a letter to Judge Mannion from Mr. DasGupta in which Mr. DasGupta represents, seemingly on behalf of himself as well as Artilligence, that "[w]e do not have the ability to pursue our case against the defendant [sic] and/or work with our current counsel . . . and/or retain new counsel" for a variety of reasons and that "we also do not have the ability to defend ourselves against the countercharges of the defendant."  (D.E. No. 21 at 4).[1]  Mr. DasGupta also stated in the letter that his "current residence is: Amunategui 573 (Dept 1702), Santiago Centro, Postal Code 8340305, Chile[,]" from which he "remain[s] fully available to attend to any queries or requirements as your Honor may mandate."  (*Id.*).

---

[1] Mr. DasGupta is an officer and principal of Artilligence.  (D.E. No. 1, Ex. A).

7. On July 3, 2013, Defendants filed a motion to Dismiss for Lack of Prosecution and to Strike Plaintiffs' Answer to Counterclaims. (D.E. No. 28). Plaintiffs, who failed to retain new counsel or appear in court, did not file any opposition to the motion. (D.E. No. 29). Thus, on January 8, 2014, the Court granted Defendants' motion, dismissing Plaintiffs' Complaint and striking Plaintiffs' answer to the Counterclaims, finding that "Artilligence is a corporation that is unrepresented by counsel and thus cannot prosecute this action[,]" and that "Mr. DasGupta has expressed a desire to abandon his action." (D.E. No. 30 at 4).

8. Soon thereafter, on January 16, 2014, Defendants sent the Clerk of the Court a request for entry of default against Plaintiffs and served Plaintiffs at the above-referenced address (Amunategui 573 (Dept. 1702) Santiago Centro, Postal Code 8340305, Chile) with a copy. (D.E. No. 31). That same day, the Clerk of the Court entered default as to Plaintiffs. (*See* D.E. dated Jan. 16, 2014, Clerk's Entry of Default).

9. On March 20, 2014, Defendants' filed the instant motion. (D.E. No. 32). To date no attorney has made an appearance on behalf of Artilligence, nor has Mr. DasGupta appeared or otherwise communicated with the Court.

10. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

11. First, the Court finds that Defendants have provided sufficient proof of service. Defendants served their counterclaims on Plaintiffs on March 19, 2012, (D.E. No. 6), and Plaintiffs

answered on April 9, 2012, (D.E. No. 9).  Thus, the Court is satisfied that Plaintiffs were served with the counterclaims.

12. Additionally, the Court finds that Plaintiffs were parties which had "appeared in the action" within this rule, and were entitled to "written notice of the application [for default judgment] at least 7 days before the hearing."  *See* Fed. R. Civ. P. 55(b)(2).  Defendants served Plaintiffs via first class mail, dated March 20, 2014, at the above-referenced address with a copy of all the motion papers referred to therein.  (D.E. No. 32).  Thus, Defendants provided sufficient proof that they served Plaintiffs with "written notice of the application" for default judgment.  *See Air Sea Transp., Inc. v. Niki Int'l, Inc.*, No. 2:12-6244, 2014 WL 3548628, at *3 (D.N.J. July 17, 2014) (finding sufficient service when plaintiff's certificate of service stated that the motion had been served by mail on Defendant).

13. Second, the Court finds that there has been a sufficient cause of action stated.  Defendants argue that Plaintiffs breached their computer services agreement with Defendants.  (D.E. No. 32-1 Brief In Support of Defendants' Motion for Entry of Default Judgment Against Plantiffs ("Defs. Br.") at 3).  The Court will construe Defendants' motion as an effort to seek relief under only Count One of the counterclaims and, therefore, analyzes the sufficiency of Defendants' claim accordingly.  To establish a breach of contract claim under New Jersey law, "a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract, and that the plaintiff sustained damages as a result."  *Peck v. Donovan*, 565 F. App'x 66, 69-70 (3d Cir. 2012) (citing *Murphy v. Implicito,* 920 A.2d 678, 689 (N.J. App. Div. 2007).  Defendants alleged that on or about May 5, 2011, the parties entered into a contract where Plaintiffs promised to perform "computer services and maintenance . . . for defendant

Natrol," (D.E. No. 6 Counterclaims ("Countercls.") ¶ 8), and Defendants promised to pay Plaintiffs for their work product as well as for any related travel expense, (*see* D.E. No. 1 Ex. A at 2). Defendants also allege that Plaintiffs breached the contract by not performing the services under the contract in a timely manner and by not providing Defendants with any of the work Plaintiffs had performed, as required by the contract. (Countercls. ¶¶ 18, 20). Lastly, Defendants allege that they suffered resulting damages in the amount of $310,625.18 for payments made to Plaintiffs pursuant to the contract. (Defs. Br. at 3; D.E. No. 32-2, Declaration of Mesrop Khoudagoulian ("Khoudagoulian Decl.") ¶¶ 8-9; Exs. D and E to Khoudagoulian Decl.; Countercls. ¶ 14 ("[P]laintiff was paid approximately $400,000 by defendants.")). Notably, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted); *see also Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 WL 2909321, at *2 (D.N.J. July 18, 2011) ("Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of [plaintiff's] well pled allegations."). Therefore, Defendants have sufficiently alleged a cause of action for breach of contract.

14. Third, to determine whether granting default judgment is proper, the Court must consider three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject the default. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 537 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987). Here, the Court finds that granting default judgment is proper. First, Plaintiffs have failed to proffer a

meritorious defense in response to Defendants' counterclaims and, moreover, the alleged facts do not indicate the existence of a meritorious defense. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). Second, the Court finds that Plaintiffs' actions have prevented Defendants from prosecuting their case, engaging in discovery, and obtaining a final outcome on their counterclaims. Therefore, Defendants "will suffer prejudice if the Court does not enter default Judgment as [Defendants have] no other means of seeking damages for the harm caused by [Plaintiffs]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Plaintiffs are culpable because they have been served with sufficient notice of the counterclaims, (D.E. No. 6), and with written notice of the instant motion, (D.E. No. 32), yet have failed to prosecute the case. Indeed, Plaintiffs have failed to participate in the case since April 22, 2013, when the Honorable Steven C. Mannion, U.S.M.J., granted Plaintiffs' counsel motion to withdraw as attorney. (D.E. No. 22). To be sure, Plaintiffs' complete failure to participate in this lawsuit or communicate with the Court demonstrates their culpability. *See Slover v. Live Universe, Inc.*, No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (noting that a party is "presumed culpable where it has failed to answer, move, or otherwise respond").

Accordingly, IT IS on this 10th day of October 2014,

**ORDERED** that Defendants' motion for default judgment, (D.E. No. 32), is hereby GRANTED; and it is

**ORDERED** that judgment is entered against Plaintiffs in favor of Defendants in the amount of $310,625.18 given the following showing by Defendants:

1. $288,000.00 for payments made pursuant to the contract by Defendants to Plaintiffs for alleged services rendered, which were in fact, not rendered. (*See* Khoudagoulian Decl. ¶8; Exs. B and D to Khoudagoulian Decl.).

2. $22,625.18 for expenses paid to Plaintiffs by Defendants, pursuant to the contract, for travel expenses related to work that Plaintiffs failed to perform. (*See* Khoudagoulian Decl. ¶ 9; Ex. E to Khoudagoulian Decl.), and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**